UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELAINE MORALES, on behalf of
herself and those similarly situated,

    Plaintiff(s),

vs.                                           CASE NO.:

BUDGET AIR SUPPLY, LLC, a
Florida Limited Liability Company,

    Defendant.            /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELAINE MORALES ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, BUDGET AIR SUPPLY, LLC ("Defendant" or "BUDGET") and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff was and continues to be a resident of Davenport, Florida (Polk County).

4. At all times material hereto, BUDGET was and continues to be a distributor of air conditioning products. Further, at all times material hereto, BUDGET was and continues to be engaged in business in Florida, with a place of business in Davenport, Florida (Polk County).

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

8. Defendant was and continues to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, BUDGET was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(C).

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

12. Plaintiff worked for BUDGET from approximately April 04, 2016 through April 26, 2017.

13. Plaintiff worked for BUDGET as a "Sales Representative" and was paid by the hour plus commissions.

2

14. At various material times hereto, Plaintiff often worked for Defendant in excess of forty (40) hours within a work week.

15. Sales Representatives were and still are hourly paid employees who are also paid commissions.

16. Sales Representatives were and still are not paid overtime, in one or more weeks, if they worked more than forty (40) hours per week during weekdays and/or were only paid their regular rate of pay ("straight pay") for their overtime hours during weekends.

17. The additional persons who may become plaintiffs in this action are/were other employees for BUDGET who were paid by the hour and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for all hours worked in excess of forty (40) hours.

18. Plaintiff and other Sales Representatives are not exempt pursuant to the "retail sales exemption for commissioned employees", because (i) Defendant fails to qualify as a retail or service establishment; (ii) Plaintiff, and those similarly situated to her, failed to regularly receive more than half of his or her compensation from commissions; and fails to meet the additional statutory requirements to avoid paying overtime under this exemption pursuant to 29 U.S.C. § 207(i).

19. All Sales Representatives were entitled to be paid for all hours worked for Defendant.

20. In order to perform their jobs and meet the sales team goals, Plaintiff and all Sales Representatives worked beyond their scheduled hours, including often working

through lunches and breaks as well as from home during one or more weeks.

21. Defendant's supervisors and other managers knew Plaintiff and the other hourly employees were working overtime hours.

22. As a result, Defendant has failed to compensate Plaintiff and all other hourly employees for all overtime hours actually worked.

23. Plaintiff and the other hourly workers should have been paid an overtime rate of pay for these improperly deducted hours they worked beyond forty in a workweek.

24. The records, to the extent they are accurate, detailing the time recorded and pay received by Plaintiff and the other workers are in the possession of Defendant.

## CLASS REPRESENTATIVE ALLEGATIONS

25. Plaintiff and the other Sales Representatives ("the Class Members") performed the same or similar job duties as one another in that they provided sales duties for Defendant.

26. Further, Plaintiff and the Class Members were subjected to the same pay provisions in that they often worked through lunches and worked from home resulting in working over forty (40) hours in a work week, during one or more weeks, without being paid at a rate of at least half their regular rate of pay for those hours. Thus, the Class Members are owed overtime wages for the same reason as the Plaintiff.

27. Defendant's policy or practice was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all

4

Class Members.

28. Defendant knowingly, willingly, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and the Class Members.

29. Defendant acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

30. Defendant was aware of the time and record keeping requirements of the Fair Labor Standards Act, but willfully or recklessly failed to keep accurate pay and time records as required.

31. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

32. Plaintiff re-alleges and reincorporates paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33. For the last three years, Plaintiff and the Class Members were subject to Defendant's policy wherein Defendant either did not pay overtime hour or did not properly compute overtime pay pursuant to the FLSA.

34. Plaintiff often recorded at or above forty hours per week, therefore this unpaid time would be considered unpaid overtime compensation.

35. All other hourly employees of Defendant were subject to the same policy and as a result were also shorted overtime pay from Defendant.

36. Plaintiff and the Class Members are and were entitled to be paid at the statutory rate of one and one-half times their hourly rate of pay for all hours worked in

excess of forty (40) hours.

37. At all times material hereto, Defendant failed and continues to fail to maintain proper time records in regards to actual lunch breaks taken in violation of the FLSA.

38. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendant knew Plaintiff and other hourly workers were performing work during the lunch break yet Defendant continued to deduct thirty (30) minutes per day from these hourly workers' pay.

39. Defendant failed to properly disclose or apprise Plaintiff and other hourly workers of their rights under the FLSA.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

   a. Plaintiff and the Class Members worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff and the Class Members at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant: declaring that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA; awarding Plaintiff and the Class Members overtime compensation in the amount due to them for their uncompensated work in excess of forty (40) hours per work week; an equal amount in liquidated damages; awarding Plaintiff and the Class Members pre-judgment and/or post-judgment interest; issuing of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated hourly workers employed by Defendant within the past 3 years; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 23 day of June 2017.

Respectfully submitted,

_____
James J. Henson, Esq.
Florida Bar No. 77476
MORGAN & MORGAN, P.A.
20 North Orange Avenue
14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
*Attorneys for Plaintiff*